# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

CARL BUSCH, RESPONDENT, *v.* THE BUFFALO CREEK
RAILROAD COMPANY, APPELLANT.

CARL BUSCH, APPELLANT, *v.* THE BUFFALO CREEK
RAILROAD COMPANY, RESPONDENT.

*Negligence — a stranger is not relieved from liability for an injury caused by his negligence to a third person, by the fact that the negligence of a co-employe of the person injured contributed thereto.*

Two appeals argued together. The first is an appeal by the defendant from a judgment, entered on a verdict at the Erie circuit, and from an order of the Erie Special Term denying a motion for a new trial on a case and exceptions. The second is an appeal by the plaintiff from an order of the Erie Special Term granting a new trial in the same action on the ground of newly discovered evidence.

The action is brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servants. The material facts of the case are substantially undisputed.

The plaintiff was one of a gang of hovelers who were engaged in unloading coal cars in Scott's coal yard in Buffalo. The cars stood upon a railroad track supported by trestle work and connected with the defendant's main track by a switch. A part of defendants business was to run loaded cars with their engines into that and other coal yards beyond it on the defendant's main track. In the forenoon of the day on which the accident occurred, a train of about thirty loaded cars had been run on the switch leading from the main track into Scott's coal yard, to be unloaded by the owners of the coal for whom plaintiff was at work. The men had

unloaded several of the cars and allowed them to drop back on the switch, and some of them had run out on the main track. About two o'clock, another train in charge of defendant's employes coming on the main track pushed the empty cars back on the trestle, till they collided with the loaded cars on which the men were at work, and produced the shock which injured the plaintiff. The train was very long and was backing up slowly, its engine pushing, and its approach was not noticed by the plaintiff or by any of the men at work with him.

The court at General Term said: " The evidence warranted the jury in finding that the defendant's servants in charge of the train knew that the switch was open, and that they saw, or might have seen, that the men were at work unloading the cars, and it was undisputed that they gave no signal of their approach. That omission, under the circumstances, warranted the verdict so far as the defendant's negligence is concerned.

" It is contended by the counsel for the defendant that there was contributory negligence on the part of the plaintiff or his fellow servants, in this, that after the loaded cars had been pushed on to the trestle in the morning and the switch had been closed by the defendant's employes, some one or more of the men who were unloading the cars opened the switch to let the cars down as they were unloaded, and left it open, and that under those circumstances the plaintiff was required to be on the lookout for an approaching train, and his omission to discover the train was negligence. But there is no evidence that the switch was opened by the plaintiff, or that he knew it was open. For the acts of his fellow servants, done without his agency or knowledge, he is not responsible as against the defendant; it is only as against the common employer that one servant is precluded from recovering for injuries caused by the negligence of his fellow servant. The fact that the plaintiff was one of a gang of men who worked in common and divided their joint earnings equally, does not alter the case. They were not copartners, and neither was responsible for the acts of the others; and even if a mutual responsibility existed, there is no evidence that the switch was left open by one of the plaintiff's gang. There were other men at work unloading the cars besides those who worked in the gang to which plaintiff belonged. If it be assumed

that the negligence of one or more of the men who were engaged with the plaintiff in unloading the cars contributed, with that of the defendant, to produce the injury, that fact does not relieve the defendant from liability. (*Chapman* v. *New Haven R. R. Co.*, 19 N. Y., 341; *Colegrove* v. *N. Y. and Harlem R. R. Co.*, 20 id., 492; *Sheridan* v. *Brooklyn, etc., R. R. Co.*, 36 id., 39.) In such a case the injured person may maintain an action against both or either of the parties whose negligence concurred to produce the injury. (Id.) There being no evidence that the plaintiff had opened the switch, or had notice of its being open, the question whether he was negligent in not discovering the approach of the train was for the jury, and their verdict is conclusive on that point."

*McMillan & Gluck*, for the appellant.

*Lewis & Rice*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and BARKER, JJ., concurred.

Order granting new trial on the ground of newly discovered evidence reversed, and judgment and order denying new trial affirmed.